IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PCCP CONSTRUCTORS, JOINT VENTURE, | ) ) ) |
| Plaintiff, | ) Nos. 24-624, 24-645, 24-646, ) 24-647, 24-648 ) (Judge Hadji) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Plaintiff, PCCP Constructors, Joint Venture (PCCP JV) and defendant, the United States, submit this Joint Status Report (JSR) per the Court's order dated September 29, 2024, pertaining to Case Nos. 24-624, 24-645, 24-646, 24-647, and 24-648. ECF No. 13.

These five cases arise from work performed by PCCP JV on the Permanent Canal Closure and Pumps Project in New Orleans, Louisiana (Project) under contract no. W912P8-12-C-0049 (Contract) issued by the U.S. Army Corps of Engineers (USACE). Each case challenges a separate Contracting Officer's Final Decision (COFD). As the parties previously reported, each of these COFDs was the subject of a pre-litigation settlement agreement, which agreements were contingent upon PCCP JV's completion of certain remediation work. The pre-litigation settlement agreements were incorporated into the Contract by modification.

The pre-litigation settlement agreement for each COFD provides that upon issuance of a Letter of Acceptance for the remediation work, USACE will withdraw the COFD and PCCP JV will dismiss the suit related to the COFD. The parties previously requested that the Court stay these cases pending completion of the agreed-upon remediation work set forth in the pre-litigation settlement agreements. The requested stays ranged from 3-24 months. *See* No. 24-624, ECF No. 9 (requesting stay until July 2026); Nos. 24-645, 24-646, 24-647, ECF No. 9

(requesting stay until October 2024); No. 24-648, ECF No. 9 (requesting stay until October 2025).

In denying the parties' motions to stay, the Court stated: "[I]t is more efficient for the Court and the parties if the parties modify the contract through incorporation of the settlement agreement, or whatever means the parties can agree on, than maintaining litigation at this Court for a prolonged period to preserve resolved claims. Alternatively, if the parties do not wish to incorporate their settlement agreement through contract modification or otherwise dismiss the actions they maintain are resolved, the parties may proceed with litigation." ECF No. 13 at 2. The Court further directed the parties to file "an identical joint status report for all five cases on or before **December 13, 2024**, updating the Court on whether each of the five cases have been resolved without the need for further proceedings or whether the parties intend to pursue litigation." *Id.* The Court also directed that "[i]f the parties pursue litigation in any of the five cases, the Government is ORDERED to FILE its response to the complaint for each case on or before January 13, 2025. Absent compelling circumstances, the Court will not extend the Government's deadline to respond to the complaints." *Id.*[1]

In response to the Court's order, the parties report that they do not intend to pursue litigation in any of the five cases. Although the parties have not yet completely resolved each of the cases, we are on a path to do so and anticipate that all such cases will be dismissed on or before February 11, 2025.

---

[1] We understand the Court's order directing the Government to file its response to the complaint in each case on or before January 13, 2025 to apply if "the parties pursue litigation in any of the five cases." ECF No. 13 at 2. Accordingly, we do not understand the Court's statement that it will not "extend the Government's deadline to respond to the complaints" "absent compelling circumstances," *id.*, to apply at this time given that the parties do not intend to pursue litigation.

First, for Case Nos. 24-624 and 24-648, the remediation work is ongoing and the parties anticipate that such work will be completed in July 2026 and October 2025, respectively. As noted above, and as with the other pre-litigation settlement agreements, the pre-litigation settlement agreements related to Case Nos. 24-624 and 24-648 have been incorporated into the Contract via modification. Per the Court's suggestion, the parties are completing the process of assessing the extent to which these existing agreements may need to be modified so as to allow these cases to be dismissed. Although we have been working toward resolution in this regard, additional time is needed for the Department of Justice to confer with USACE regarding the mechanics of those agreements and the needed terms, and then to confer with PCCP JV to prepare and finalize modifications to those agreements. Given holiday scheduling conflicts, we expect to complete this process within the next 60 days, such that we anticipate that these cases will be dismissed on or before February 11, 2025.

Second, as for Case Nos. 24-645, 24-646, and 24-647, the physical work has been completed under the pre-litigation settlement agreements, but USACE has not yet issued the Letters of Acceptance required by those agreements. The parties anticipate that the Letters of Acceptance will be issued on or before February 11, 2025, and that these three cases will therefore be dismissed by that date.

Accordingly, because the parties anticipate that all five cases will be dismissed on or before February 11, 2025, the parties propose the Court issue an order directing them to file an identical joint status report on February 11, 2025 in any case that has not been dismissed by that date, with the United States' deadline to respond to the complaints to remain suspended. In the alternative, if the Court denies our request, the parties request that the Court enter an order

directing the United States to respond to any pending complaint on or before February 28, 2025, if the case is not dismissed by that date.

Respectfully submitted,

*[signature]*

Grant H. Willis
Ryan P. McGovern
Robyn B. Celestino
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: 202-879-3847
Facsimile: 202-626-1700
ghwillis@jonesday.com

Peter Laun
Tatum Lowe
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Tel: (214) 969-4808
Facsimile: (214) 969-5100

*Counsel for Plaintiff PCCP Joint Ventures, LLC*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Deputy Director

s/Eric E. Laufgraben
ERIC E. LAUFGRABEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel:     (202) 353-7995
Email:  Eric.E.Laufgraben@usdoj.gov

December 13, 2024                    Attorneys for Defendant